Argued and submitted January 10, reversed and remanded for reconsideration
July 27, 2005

In the Matter of the Compensation of
Denise L. Rose, Claimant.

Denise L. ROSE,
*Petitioner,*

*v.*

SAIF CORPORATION
and Westside Christian High School,
*Respondents.*

03-03941; A123948

116 P3d 913

Thomas D'Amore argued the cause for petitioner. With him on the briefs was D'Amore & Associates, P. C.

David L. Runner argued the cause and filed the brief for respondents.

Before Armstrong, Presiding Judge, and Brewer, Chief Judge, and Landau, Judge.*

LANDAU, J.

---

* Landau, J., *vice* Ceniceros, S. J.

**LANDAU, J.**

In this workers' compensation case, claimant filed a claim, and employer accepted it. Thereafter, claimant filed a claim for a new medical condition, but employer neither accepted nor denied that claim. Instead, employer sent what has come to be known as an "encompassed condition letter" that stated, in essence, that the new medical condition already had been accepted. Claimant was not satisfied with that answer, given that the specificity of an employer's acceptance can affect the rating of a claim at closure. She challenged the lawfulness of employer's response, arguing that pertinent statutes required employer either to accept or deny the new medical condition claim. The board rejected her challenge and upheld the validity of the encompassed condition letter. Claimant then filed a petition for judicial review, seeking reversal and an award of attorney fees.

In the meantime, employer reevaluated the case and decided to grant claimant's request for formal acceptance of the new medical condition. Employer then moved to dismiss the petition for judicial review as moot. Claimant responded that the case continues to present a live controversy because of her claim for attorney fees.

The case thus poses two questions for us to resolve. First, does employer's decision to grant claimant's request for formal acceptance moot her request for judicial review? Second, if not, did the board err in rejecting claimant's challenge to the validity of employer's encompassed condition letter; that is, was employer required to formally accept a condition that it believed was already encompassed in its previous acceptance?

We answer the first question in the negative. Claimant's denied request for attorney fees remains a live issue, the disposition of which depends on whether the board correctly determined the validity of employer's encompassed condition letter. We answer the second question in the affirmative. The relevant statutes required employer to accept or deny claimant's new medical condition claim. We therefore reverse and remand for reconsideration.

## I. FACTUAL BACKGROUND

The facts are not in dispute. Claimant injured her back at work. An MRI performed the following week showed a herniated disc at L5-S1 and compression of the left S1 nerve. Claimant underwent a left L5-S1 "micro diskectomy." Employer accepted a claim for L5-S1 disc herniation. The claim later was closed with an award of temporary disability and an award of permanent partial disability.

Claimant, however, still suffered some pain in her back. An epidural injection revealed that "the L5-S1 motion segment with irritation of the L5 nerve root was her primary pain generator." Claimant's physician, Dr. Weingarten, agreed with the diagnosis of L5 nerve root irritation.

At that point, claimant wrote to employer asking it to formally accept a new medical condition, namely, L5 nerve root irritation. Employer responded by writing to Weingarten to ask whether he agreed that the accepted condition of L5-S1 disc herniation encompassed and "reasonably apprised" the condition of L5 nerve root irritation. Weingarten replied that it did. Employer then wrote to claimant, issuing the encompassed condition letter that is the subject of claimant's challenge on review. That letter stated that "[w]e have received your request to formally accept L5 nerve root irritation. We have reviewed that request and find that the previously tendered acceptance(s) in this claim encompass(es) the diagnoses or conditions that you have requested."

Claimant wrote Weingarten, stating that she believed that the notice of acceptance of the L5-S1 herniated disc did not reasonably apprise her of the acceptance of the L5 nerve root condition. Weingarten responded that he now agreed with claimant.

Claimant underwent an insurer-arranged medical examination by Drs. Reimer and Grossenbacher. Those physicians concluded that there were "too many inconsistencies in the examination to identify any residual motor weaknesses in the left lower extremity." In their opinion, there was no evidence of an L5 nerve root irritation at all.

Weingarten then suggested that, in light of the panel's conclusions, perhaps nerve conduction studies could resolve the matter. Dr. Devere performed such studies. He found "no electrodiagnostic evidence for lumbrosacral radiculopathy, plexopathy or neropathy." He believed that claimant's symptoms most likely were "secondary to pain and poor effort." Weingarten conceded that it appeared that none of the relevant diagnostic tests supported a diagnosis of weakness.

Meanwhile, claimant requested a hearing on the validity of employer's encompassed condition letter. Claimant characterized the letter as an effective denial, which she asked the administrative law judge (ALJ) to overturn with an award of attorney fees for the wrongful denial. ORS 656.386(1). Claimant argued that, under ORS 656.262(7), employer had an obligation to respond to her new medical condition claim by either formally accepting or formally denying the claim. As employer did neither, she argued, the encompassed condition letter that employer issued must be treated as a denial, which, she contended, had been erroneously issued. Employer responded that ORS 656.267(1) expressly provides that an employer is "not required to accept each and every diagnosis or medical condition with particularity as long as the acceptance tendered reasonably apprises the claimant and the medical providers of the nature of the compensable conditions." Claimant replied that Weingarten stated that, in fact, employer's acceptance of the L5-S1 disc herniation did not reasonably apprise her or medical providers of the L5 nerve condition.

The ALJ rejected claimant's argument. The ALJ began by quoting ORS 656.267(1) and stating that the dispositive issue is whether employer's earlier acceptance of the L5-S1 disc herniation "reasonably apprise[d]" claimant and the medical providers of the nature of the compensable conditions. The ALJ noted that claimant relied primarily on the opinion of Weingarten to support her contention that the claimed L5 nerve irritation should have been accepted as a separate and additional condition. The ALJ observed that Weingarten did say that, at least initially. But following that, the ALJ explained, when employer "specifically asked Dr. Weingarten if the Notice of Acceptance encompassed/

apprised the condition of the L5 nerve root irritation, Dr. Weingarten replied that it did."

Claimant requested review of the ALJ's opinion and order, but the board adopted it *in toto* and affirmed without further discussion.

Claimant petitioned for judicial review and filed an opening brief in which she reverts to her initial argument before the ALJ that, under ORS 656.262(7), employer had an unqualified obligation to formally accept or formally reject her new medical condition claim. Employer responds that claimant is ignoring ORS 656.267 and the "reasonably apprises" standard that was the basis for the board's decision. In reply, claimant states that the notice of acceptance in this case did not reasonably apprise her or the medical providers of her new medical condition.

In the meantime, as we have noted, employer decided to give claimant what she had asked for, namely, formal acceptance of her L5 nerve root condition. Employer then moved to dismiss on mootness grounds.

## II. ANALYSIS

### A. *Mootness*

■ We begin with employer's motion to dismiss on the ground of mootness. Employer contends that, because it has now formally accepted claimant's L5 nerve root irritation condition, there is nothing left for us to decide and, thus, no justiciable controversy. Claimant responds that the board's upholding of the encompassed condition letter was in effect a determination that her claim had not been denied and resulted in the denial of her request for attorney fees under ORS 656.386(1). As a result, she argues, her entitlement to attorney fees remains a live issue, the disposition of which depends on the effect of employer's issuance of its encompassed condition letter.

Article VII (Amended), section 1, of the Oregon Constitution vests in the courts of this state "judicial power." In *Yancy v. Shatzer*, 337 Or 345, 349, 97 P3d 1161 (2004), the Supreme Court explained that the "judicial power" does not include the authority to decide moot cases, that is, cases in

which—because of the occurrence of events after the initiation of an action—a decision in the matter will no longer have a practical effect on the rights of the parties.

■    Whether a judicial decision will have such a practical effect on the rights of the parties depends on the facts and the procedural posture of each case. The Supreme Court's decision in *2606 Building v. MICA OR I Inc.*, 334 Or 175, 47 P3d 12 (2002), provides an instructive example. In that case, the plaintiffs terminated a lease for nonpayment of rent and late charges. The defendants sought leave to file an amended answer that asserted an affirmative defense of excusable neglect. The trial court denied the request on the ground that there is no such defense to a lease forfeiture action and ultimately awarded the plaintiffs possession of the premises and attorney fees. We affirmed. By the time the case made its way to the Supreme Court, the lease had expired. The plaintiffs moved to dismiss the appeal on the ground of mootness. The court denied the motion. The court explained that, "[b]ecause the attorney fee award is still in controversy," and the correctness of that award depended on the correctness of the trial court's decision on the merits, a judicial decision still would have a practical effect on the rights of the parties. *Id.* at 179 n 2.

The posture of this case is analogous. Claimant requested that the board set aside what she regarded as an unlawful denial of her new medical condition claim and award her attorney fees. The board denied both requests. On review, claimant asserts, among other things, that the board erred in denying her request for attorney fees. Whether it was error to deny the request for attorney fees depends on the correctness of the board's decision on the merits. As in *2606 Building*, therefore, a judicial decision in this case will have a practical effect on the rights of the parties. We deny employer's motion to dismiss.

B.    *Effect of employer's encompassed condition letter*

■    We turn, then, to the merits. As we have noted, claimant argues that, under ORS 656.262(7), employer was obligated to formally accept or formally deny her new medical condition claim and that encompassed condition letters do not satisfy that obligation. Employer argues that ORS

656.267(1) expressly contemplates the issuance of such letters as long as the original notice of acceptance "reasonably apprises" the claimant and medical professionals of the nature of the compensable conditions. Claimant replies that the board erred in finding that the notice of acceptance in this case reasonably apprised her or medical professionals of her L5 nerve root condition. Among other things, claimant argues that the board did not really address the question posed by the statute and instead addressed the compensability of the condition itself.

ORS 656.267 provides, in part:

"(1) To initiate omitted medical condition claims under ORS 656.262(6)(d) or new medical condition claims under this section, the worker must clearly request formal written acceptance of a new medical condition or an omitted medical condition from the insurer or self-insured employer. A claim for a new medical condition or an omitted condition is not made by the receipt of medical billings, nor by requests for authorization to provide medical services for the new or omitted condition, nor by actually providing such medical services. The insurer or self-insured employer is not required to accept each and every diagnosis or medical condition with particularity, as long as the acceptance tendered reasonably apprises the claimant and the medical providers of the nature of the compensable conditions. Notwithstanding any other provision of this chapter, the worker may initiate a new medical or omitted condition claim at any time.

"(2) Claims properly initiated for new medical conditions and omitted medical conditions related to an initially accepted claim shall be processed pursuant to ORS 656.262.

"(3) Notwithstanding subsection (2) of this section, claims for new medical or omitted medical conditions related to an initially accepted claim that are initiated after the rights under ORS 656.273 have expired shall be processed as requests for relief under the Workers' Compensation Board's own motion jurisdiction pursuant to ORS 656.278(1)(b)."

New medical condition claims are processed under ORS 656.262(7)(a), which provides, as relevant:

"After claim acceptance, written notice of acceptance or denial of claims for aggravation or new medical or omitted condition claims properly initiated pursuant to ORS 656.267 shall be furnished to the claimant by the insurer or self-insured employer within 60 days after the insurer or self-insured employer receives written notice of such claims. A worker who fails to comply with the communication requirements of subsection (6) of this section or ORS 656.267 may not allege at any hearing or other proceeding on the claim a de facto denial of a condition based on information in the notice of acceptance from the insurer or self-insured employer."

Thus, new medical condition claims are to be processed "pursuant to ORS 656.262." ORS 656.267(2). Paragraph (7)(a) of that statute, in turn, requires that, when a claimant files such a claim, an employer must respond with "written notice of acceptance or denial." ORS 656.262(7)(a). Nothing in that paragraph relieves an employer of the obligation to supply the required "written notice of acceptance or denial."

Employer is correct that ORS 656.267(1) provides that, in response to a new medical condition claim, an employer "is not required to accept each and every diagnosis or medical condition with particularity, as long as the acceptance tendered reasonably apprises the claimant and the medical providers of the nature of the compensable conditions." Employer is incorrect, however, in reading that provision as an exception to the obligation to accept or deny the claim.

To begin with, there is no wording in the statute that suggests that the legislature intended ORS 656.267(1) to operate as an exception to the otherwise unqualified command of ORS 656.262(7)(a) that an employer provide "written notice of acceptance or denial" of a new medical condition claim. *See State v. Vasquez-Rubio*, 323 Or 275, 280, 917 P2d 494 (1996) (noting that statutory exceptions are generally signaled by use of "words of limitation, such as 'except,' 'however,' or 'provided that' ").

Moreover, the wording of ORS 656.267(1) itself makes clear that "the acceptance" that the statute mentions

refers to the acceptance of the new medical condition claim itself, not any acceptance that an employer may have issued in the past. The opening sentence of subsection (1) provides that a worker filing a new or omitted medical condition claim must "clearly request formal written acceptance" of the condition. There follows the statement that, in response to the new or omitted medical condition claim, the employer "is not required to accept each and every diagnosis or medical condition with particularity as long as *the acceptance* reasonably apprises" the claimant and the medical providers of the nature of the compensable conditions. (Emphasis added.) The use of the definite article makes clear that the reference to "the acceptance" is to the same acceptance that is mentioned earlier in the same sentence and earlier in the same subsection, namely, the acceptance of the new or omitted medical condition claim itself. In other words, ORS 656.267(1) provides that, when an employer accepts a new or omitted medical condition claim, *that acceptance* need not specify each and every medical diagnosis or medical condition as long as it reasonably apprises the claimant and the medical providers of the nature of the compensable conditions that are being accepted.

Employer complains that such a reading of the statute conflicts with our decision in *Troupe v. Labor Ready, Inc.*, 191 Or App 258, 81 P3d 755 (2003). Employer, however, misreads our opinion, which involved the interpretation and application of a different statute.

In *Troupe*, the claimant filed a claim, and the employer accepted it. The claimant, however, was concerned that the acceptance was not sufficiently clear about precisely what the employer had accepted; in particular, the claimant was concerned that the acceptance did not include a left shoulder condition. The claimant sent a letter to the employer requesting clarification of the notice of acceptance pursuant to ORS 656.262(6)(d), which provides that "[a]n injured worker who believes that a condition has been incorrectly omitted from the notice of acceptance, or that the notice is otherwise deficient," may submit a written request to the employer asking for clarification. The statute then provides the employer with 60 days "to revise the notice or to

make other written clarification in response." ORS 656.262(6)(d). The claimant asked the employer to specifically accept or deny the left shoulder condition.

The employer sent a "clarification" that, in essence, stated that the left shoulder condition already had been accepted and that further written acceptance or denial is not required. The board agreed, and we affirmed. We noted that the phrasing of ORS 656.262(6) did not compel the employer to formally accept or deny the left shoulder condition, only that the employer "revise the notice or make other written clarification of it." *Troupe*, 191 Or App at 262.

In contrast, the statute at issue in this case—ORS 656.262(7)(a)—does compel employers to supply "written notice of acceptance or denial" of new or omitted medical condition claims. In further contrast, the statute at issue in this case does not provide that employers may respond with something short of an outright acceptance or denial, such as the mere "written clarification" that is permitted under ORS 656.262(6).

The board therefore erred in concluding that employer's "encompassed condition letter" sufficed as a response to claimant's new medical condition claim.

Reversed and remanded for reconsideration.