Argued and submitted October 20, reversed and remanded for reconsideration
December 7, 2005

## In the Matter of the Compensation of
## William LeFave, Claimant.

### William LeFAVE,
*Petitioner,*

*v.*

### SAIF CORPORATION
### and City of Tigard,
*Respondents.*

### 03-00481; A125388

125 P3d 33

Edward J. Harri argued the cause for petitioner. With him on the briefs was Gary Borden.

David Runner argued the cause and filed the brief for respondents.

Before Edmonds, Presiding Judge, and Brewer, Chief Judge,* and Schuman, Judge.

PER CURIAM

_____

* Brewer, C. J., *vice* Ceniceros, S. J.

## PER CURIAM

Claimant seeks judicial review of an order of the Workers' Compensation Board that reversed an award of attorney fees to claimant. The board reasoned that a letter from SAIF to claimant that neither accepted nor denied his new medical condition did not result in a "denied claim" for purposes of the attorney fee statute, ORS 656.386(1)(b) (1997), *amended by* Or Laws 2001, ch 865, § 9. While this case was pending on appeal, this court decided *Rose v. SAIF*, 200 Or App 654, 116 P3d 913 (2005), and held that an "encompassed condition letter" is not a sufficient response to a claimant's new medical condition claim. SAIF concedes that *Rose* undermines the board's reasoning in this case, and that the case should be remanded for reconsideration in light of that opinion. We agree, and we reverse and remand so that the board may reconsider its order in light of our opinion in *Rose*.

Reversed and remanded for reconsideration.