Argued and submitted September 16, affirmed December 17, 2003

In the Matter of the Compensation of
Timothy Troupe, Claimant.

Timothy TROUPE,
*Petitioner,*

*v.*

LABOR READY, INC.,
and ESIS,
*Respondents.*

00-01864; A117192

81 P3d 755

Ernest M. Jenks argued the cause and filed the briefs for petitioner.

Michael G. Bostwick argued the cause and filed the brief for respondents.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Claimant seeks review of an order of the Workers' Compensation Board (board) ordering acceptance of his rotator cuff tendinitis by ESIS, employer's workers' compensation insurance carrier (insurer). The sole issue is whether the board erred in failing to award claimant attorney fees. We affirm.

Claimant injured his left shoulder at work. Doctors diagnosed "left shoulder tendinitis involving the rotator cuff." On January 12, 2000, insurer accepted a claim for left shoulder "strain."

On February 2, 2000, claimant, through his counsel, sent a letter to insurer requesting clarification of the notice of acceptance. Specifically, claimant asked insurer to amend the notice of acceptance expressly to accept or deny his "left shoulder tendinitis, rotator cuff tendinitis." On March 3, 2000, insurer responded with a letter stating, "We hereby decline to amend the acceptance of this claim as the current acceptance of a disabling left shoulder strain encompasses and reasonably apprises [claimant] and his medical providers of the nature of his compensable condition."

Claimant requested a hearing, asserting that insurer's failure to include expressly the rotator cuff tendinitis in an amended acceptance constituted a denial of the condition. Claimant requested that insurer be ordered to accept the condition and that he be awarded attorney fees for the denial.

At the hearing, insurer did not contest the compensability of the rotator cuff tendinitis. The only disputes were whether insurer was required to include an express acceptance of the rotator cuff tendinitis and, if so, whether the failure to have done that constituted a denial of the condition.

The administrative law judge (ALJ) found that the rotator cuff tendinitis was indeed a different condition from the shoulder strain that insurer had earlier accepted. The ALJ ordered insurer to amend its notice of acceptance to include the rotator cuff tendinitis. But the ALJ declined to

award attorney fees, concluding that the failure to amend did not constitute a denial.

The board affirmed. The board explained that, although it agreed that insurer was required to amend the notice of acceptance specifically to include the rotator cuff tendinitis, insurer's March 3 letter amounted to a clarification of the earlier notice of acceptance that insurer intended to accept the condition. Thus, the board concluded, it was "not persuaded that insurer's response amounted to a refusal to pay," and claimant accordingly was not entitled to attorney fees.

On review, claimant asserts that the board erred in denying him an award of attorney fees. According to claimant, insurer's March 3 letter failed to amend the earlier notice of acceptance and thus amounted to a denial.

ORS 656.386(1) provides for an award of attorney fees when an attorney is instrumental in obtaining a rescission of a "denied claim." As pertinent to this case, the statute defines "denied claim" as a refusal to pay a claim for compensation "on the express ground that the injury or condition for which compensation is claimed is not compensable or otherwise does not give rise to an entitlement to any compensation." ORS 656.386(1)(b).

In this case, insurer did not expressly refuse to pay for claimant's rotator cuff tendinitis, much less on the ground that it was not compensable. Claimant nevertheless argues that, by virtue of the requirements of ORS 656.262(6)(d), insurer's March 3 letter amounted to a denial. That statute provides, in part:

> "An injured worker who believes that a condition has been incorrectly omitted from a notice of acceptance, or that the notice is otherwise deficient, first must communicate in writing to the insurer or self-insured employer the worker's objections to the notice * * *. The insurer or self-insured employer has 60 days from receipt of the communication from the worker to revise the notice or to make other written clarification in response."

Citing *Rasmussen v. SAIF*, 182 Or App 642, 50 P3d 248 (2002), claimant contends that insurer, by failing "to revise

the notice or make other written clarification," necessarily denied the rotator cuff tendinitis. According to claimant, anything other than a revision to expressly accept the condition amounted to a denial of that condition as a matter of law.

■   Claimant's contention, however, cannot be reconciled with the wording of the statute, which provides that, upon receipt of proper notice, an insurer or self-insured employer must "revise the notice *or make other written clarification*" of it. ORS 656.262(6)(d) (emphasis added). Merely because insurer failed to revise the notice, therefore, does not mean that insurer's response amounted to a denial, as long as it otherwise provided "clarification."

*Rasmussen* is not to the contrary. In that case, SAIF responded to an omitted condition claim by merely telling the claimant that it would investigate the claim and let him know its response at a later date. We concluded that, on the facts of that particular case, such a response did not comport with ORS 656.262(6)(d) because it said nothing about whether the supposedly omitted condition was compensable. *Rasmussen*, 182 Or App at 649. We did not hold, as claimant suggests, that the statute requires a revision to the notice of acceptance in all cases.

■   Claimant alternatively argues that insurer's March 3 letter in fact provided no "clarification." To be sure, the statement in the letter that "the current acceptance of a disabling left shoulder strain encompasses and reasonably apprises [claimant] and his medical providers of the nature of his compensable condition" is not a model of straightforward phrasing. But, as the board found, it may fairly be read to communicate insurer's understanding as to the scope of its acceptance. The issue of what an insurer agreed to accept is a question of fact, which we review for substantial evidence. *Ligatich v. Liberty Northwest Ins. Corp.*, 185 Or App 555, 561, 60 P3d 1143 (2003). In this case, the board's finding is supported by substantial evidence.

Affirmed.