Argued and submitted August 2, 2010, reversed and remanded for award of attorney fees; otherwise affirmed March 16, 2011

In the Matter of the Compensation of
Ronald Crawford, Claimant.

Ronald CRAWFORD,
*Petitioner,*

*v.*

SAIF CORPORATION
and SS Equipment, Inc.,
*Respondents.*

Workers' Compensation Board
0703041; A140535

250 P3d 965

Robert Adian Martin argued the cause for petitioner. On the opening brief were Michael A. Gilbertson and Ransom, Gilbertson, Martin & Ratliff LLP. On the reply brief was R. Adian Martin.

David L. Runner argued the cause and filed the briefs for respondents.

Before Schuman, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

SCHUMAN, P. J.

.

## SCHUMAN, P. J.

Claimant seeks judicial review of the Workers' Compensation Board's denial of his request for attorney fees under ORS 656.386(1)(b)(B) after he prevailed in overcoming a denied claim for an omitted medical condition. SAIF responds that claimant did not meet the statutory requirements under which a prevailing party can obtain attorney fees and, in a cross-assignment of error, asserts that claimant should not have prevailed in the underlying claim and is not entitled to attorney fees on that ground as well. We conclude that the board correctly determined that SAIF had erroneously denied the claim, but that it erred in determining that claimant did not meet the requirements for obtaining attorney fees. We therefore reverse and remand.

■ Some familiarity with the statutory background will put the undisputed facts in context. "In workers' compensation cases, an award of attorney fees can be made only pursuant to statutory authorization." *SAIF v. Allen*, 320 Or 192, 200, 881 P2d 773 (1994). The attorney fee statute at issue in this case is ORS 656.386(1) (2007),[1] under which a claimant who successfully challenges a claim denial is entitled to "a reasonable attorney fee." A " 'denied claim,' " as relevant to this case, is "[a] claim for compensation for a condition omitted from a notice of acceptance, made pursuant to ORS 656.262(6)(d), which the insurer or self-insured employer does not respond to within 60 days[.]" ORS 656.386(1)(b)(B). Thus, a claimant is entitled to attorney fees under ORS 656.386(1)(b)(B) if (1) an omitted condition claim was "made pursuant to ORS 656.262(6)(d)," (2) the insurer did not respond to the omitted condition claim within 60 days, and (3) the claimant prevails against the denial.[2]

---

[1] We refer to the 2007 version of all statutes in this opinion. While none of the provisions at issue in this case was materially amended in 2009, the dispute arose under the 2007 statutes and that law governs.

[2] The attorney fee statute's focus is on the procedural failure of the insurer to respond properly to an omitted condition claim within 60 days, rather than on the denial of the substantive compensability of the claim. *Cf.* ORS 656.386(1)(b)(A) (denied claim is claim for compensation that an insurer refuses to pay "on the express ground that the injury or condition * * * is not compensable or otherwise does not give rise to an entitlement to any compensation").

We now set forth the statutory provisions relevant to omitted condition claims. ORS 656.262(6)(d) provides:

"An injured worker who believes that a condition has been incorrectly omitted from a notice of acceptance, or that the notice is otherwise deficient, *first must communicate in writing to the insurer or self-insured employer the worker's objections to the notice pursuant to ORS 656.267.* The insurer or self-insured employer has 60 days from receipt of the communication from the worker to revise the notice or to make other written clarification in response. A worker who fails to comply with the communication requirements of this paragraph or ORS 656.267 may not allege at any hearing or other proceeding on the claim a de facto denial of a condition based on information in the notice of acceptance from the insurer or self-insured employer. Notwithstanding any other provision of this chapter, the worker may initiate objection to the notice of acceptance at any time."

(Emphasis added.) ORS 656.262(6)(d) makes immediate reference to ORS 656.267 and requires that the worker communicate the worker's objections pursuant to that statute. ORS 656.267 provides, in turn:

"(1)  *To initiate omitted medical condition claims under ORS 656.262(6)(d) or new medical condition claims under this section, the worker must clearly request formal written acceptance of a new medical condition or an omitted medical condition from the insurer or self-insured employer.* A claim for a new medical condition or an omitted condition is not made by the receipt of medical billings, nor by requests for authorization to provide medical services for the new or omitted condition, nor by actually providing such medical services. The insurer or self-insured employer is not required to accept each and every diagnosis or medical condition with particularity, as long as the acceptance tendered reasonably apprises the claimant and the medical providers of the nature of the compensable conditions. Notwithstanding any other provision of this chapter, the worker may initiate a new medical or omitted condition claim at any time.

"(2)(a)  Claims properly initiated for new medical conditions and omitted medical conditions related to an initially accepted claim shall be processed pursuant to ORS 656.262."

(Emphasis added.) ORS 656.262(7)(a), which directly follows subsection (6)(d), relates to the processing of an omitted condition claim made pursuant to ORS 656.267 and provides:

> "After claim acceptance, written notice of acceptance or denial of claims for aggravation or new medical or *omitted condition claims properly initiated pursuant to ORS 656.267* shall be furnished to the claimant by the insurer or self-insured employer within 60 days after the insurer or self-insured employer receives written notice of such claims. A worker who fails to comply with the communication requirements of subsection (6) of this section or ORS 656.267 may not allege at any hearing or other proceeding on the claim a de facto denial of a condition based on information in the notice of acceptance from the insurer or self-insured employer."

(Emphasis added.) The issues in this case are (1) whether claimant filed an omitted condition claim pursuant to ORS 656.262(6)(d) and ORS 656.267; (2) if so, whether the board erred in concluding that SAIF had denied the claim; and (3) whether, if the board correctly ruled in favor of claimant on the merits, the denial gives rise to a right to attorney fees under ORS 656.386(1).

Claimant was badly injured in a work accident and sustained multiple injuries, including trauma to his left wrist. SAIF, the employer's insurer, accepted the claim. The notice of acceptance covered several conditions including claimant's "displaced left distal radius fracture." Some time later and following surgery on that wrist, claimant's doctors noted that the "distal radius fracture healed with a mild to moderate step-off at the scapholunate area," which was assessed as an "intra-articular distal radius fracture left wrist." Thereafter, on February 11, 2007, claimant requested that SAIF accept that condition as well; he wrote:

> "Please regard this correspondence as the worker's written request that the Notice of Acceptance be amended to include * * * intra-articular distal radius fracture left wrist. Please *accept or deny* these conditions within the 60 days as allowed by law, and notify [claimant] in writing upon decision."

(Boldface omitted; emphasis added.) On April 11, 2007, within 60 days, SAIF responded to claimant's request with a so-called "No Perfected Claim" letter, stating, in part:

"[SAIF has] received your request to formally accept intra-articular distal radius fracture left wrist. Oregon law only requires an insurer to accept or deny medical conditions. You have not properly initiated a new or omitted medical condition claim under ORS 656.267 because your request does not involve a condition other than the condition(s) initially (or previously) accepted. You have not yet perfected a claim for a new or omitted medical condition. If you wish to clarify your request, please do so in writing, and [SAIF] will then process that request."

SAIF, in other words, informed claimant that he had not made an "omitted medical condition claim" pursuant to ORS 656.267, because the condition he requested SAIF to accept was no different from the condition that had already been accepted. Following that response, SAIF sought clarification from claimant's doctor regarding whether the wrist fracture described in claimant's letter differed from the accepted condition. Dr. Ellis, who had operated on claimant's wrist, explained, "The term intra-articular distal radius fracture is more precise because it describes the orientation of the fracture and illustrates how the fracture goes into the joint itself and is at higher risk to develop arthritis." SAIF did not amend its notice of acceptance or accept or deny the condition.[3]

More than 60 days after he had delivered his omitted condition claim, claimant sought an administrative hearing to challenge SAIF's "No Perfected Claim" letter, which, according to claimant, wrongly denied his intra-articular distal radius fracture. After the hearing, the administrative law judge (ALJ) made the following findings: First, claimant's request was for an omitted medical condition as opposed to a new medical condition, because the condition—the intra-articular distal radius fracture—came into being before SAIF's initial notice of acceptance; second, claimant's omitted

---

[3] The parties agree that the wrist fracture is compensable, but disagree as to whether it should be processed as an omitted medical condition or as part of the claim that was already accepted when claimant requested the amended acceptance.

medical condition claim implicated ORS 656.262(7)(a) and not ORS 656.262(6)(d); third, SAIF's response was inadequate under ORS 656.262(7)(a), because it was neither an out-and-out denial nor an acceptance, but a *de facto* denial of claimant's omitted condition claim; and fourth, on the merits, SAIF's denial of claimant's omitted condition was proper because the claimed condition was not different from the already accepted condition.

■    Claimant appealed to the board. The board agreed with the ALJ that claimant had filed an omitted condition claim and that SAIF's response was inadequate under ORS 656.262(7)(a) and was, therefore, a *de facto* denial.[4] On the merits, however, the board reversed the ALJ, ruling that claimant's " 'intra-articular distal radius fracture left wrist' was not mentioned, and was left out, when SAIF accepted 'displaced left distal radius fracture' " and was, therefore, an omitted condition that should be accepted. The board did not award attorney fees, and claimant petitioned for reconsideration. On reconsideration, the board identified two requirements for attorney fees under ORS 656.386 and concluded that claimant met neither of them. Applying the definition of "denied claim" from subsection (1)(b)(B) of that statute—"[a] claim for compensation for a condition omitted from a notice of acceptance, *made pursuant to ORS 656.262(6)(d)*, which the insurer or self-insured employer does not respond to within 60 days"—the board upheld the ALJ's determination that claimant's request for acceptance of an omitted condition triggered the provisions of ORS 656.262(7)(a) and not subsection (6)(d) of that statute; thus, it was not a claim made pursuant to ORS 656.262(6)(d). (Emphasis added.) The board concluded in the alternative that SAIF had issued an appropriate response under ORS 656.262(6)(d) within 60 days of claimant's request. The board therefore determined that claimant was not entitled to attorney fees under ORS 656.386(1)(b)(B).

On judicial review, claimant assigns error to the board's determination that he did not meet the requirements

[4] A claim is denied *de facto* if the insurer makes no response within the period during which the insurer must either accept or deny the claim. *SAIF*, 320 Or at 211-12.

for an award of attorney fees. He contends, first, that his omitted medical condition claim did implicate ORS 656.262(6)(d), because that statute, ORS 656.267, and ORS 656.262(7)(a) work together in the processing of omitted condition claims; and second, that SAIF's "No Perfected Claim" letter was nonresponsive and therefore a denial. Thus, in his view, he has satisfied the requirement for a denied claim within the meaning of ORS 656.386(1)(b)(B). SAIF cross-assigns error to the board's determination that SAIF denied claimant's omitted condition claim. According to SAIF, the board erred by interpreting SAIF's "No Perfected Claim" letter as a denial, when that response could only be read as a "binding acceptance" of the wrist fracture that SAIF had already accepted. If we were to agree with SAIF on the cross-assignment, that decision would obviate the need to address the attorney fee issue. Therefore we address it first.

■■ SAIF contends that "[t]he board erred in concluding that a legally sufficient response under ORS 656.262(6)(d) to an omitted condition claim that specified that the condition was already accepted constituted a *de facto* denial of the claim," because, according to SAIF, claimant's request did not establish a medical condition; rather, it reasserted the condition that SAIF had already accepted. In effect, SAIF's cross-assignment questions the board's finding that claimant's asserted omitted condition constituted a medical condition separate from the accepted wrist fracture. If SAIF was correct that the second condition was already encompassed within the first, SAIF argues, then claimant did not prevail over a denied claim. That question—whether claimant's request for acceptance of his omitted "intra-articular distal radius fracture" established a claim for an omitted medical condition—is one of fact. As such, "[w]e review the board's evaluation of [the] medical evidence for substantial evidence." *Young v. Hermiston Good Samaritan*, 223 Or App 99, 107, 194 P3d 857 (2008). On this record, that standard is satisfied.

In its initial review, the board explained:

"SAIF contends that because it accepted a displaced distal radius fracture, the claimed intra-articular distal radius fracture was not omitted. Accordingly, SAIF argues, no

omitted medical condition was present. The medical evidence does not support SAIF's position."

To reach that conclusion, the board reviewed claimant's omitted condition claim and Ellis's report of that condition. Based on the medical evidence, the board determined that the conditions were different:

"Dr. Ellis was explicitly asked whether the claimed intra-articular distal radius fracture was the same condition as the accepted displaced distal radius fracture. Rather than stating that the conditions were synonymous, Dr. Ellis explained the difference between the two diagnoses and stated that 'intra-articular distal radius fracture' is a more accurate description of claimant's condition. Accordingly, we find that claimant's 'intra-articular distal radius fracture left wrist' was not mentioned, and was left out, when SAIF accepted 'displaced left distal radius fracture.'

"Based on the above reasoning, we find that SAIF *de facto* denied an omitted medical condition claim for 'intra-articular distal radius fracture left wrist.' Moreover, because the compensability of the claimed omitted medical condition is not contested, we set aside SAIF's *de facto* denial."

On reconsideration, the board returned to that issue at SAIF's request and again found, "Dr. Ellis declined the invitation to opine that the omitted medical condition was the same as the accepted condition. Invited to describe them as different names or descriptive terms for the same condition, Dr. Ellis instead described the medical differences." Because that evidence is sufficient to support the board's finding, we affirm the board's determination that SAIF denied the condition and that the denial should be set aside.

We turn, then, to claimant's argument that he was entitled to attorney fees. The board concluded that he was not, citing two reasons. First, his claim was not made "pursuant to ORS 656.262(6)(d)," as required under ORS 656.386(1)(b)(B) (" 'denied claim' " for omitted condition is one "made pursuant to ORS 656.262(6)(d)"). Alternatively, the board concluded, SAIF's letter was an adequate "response" under ORS 656.262(6)(d), made within 60 days of claimant's request for acceptance of the omitted condition. The parties both provide extensive, complex, and persuasive

arguments. In essence, claimant argues that every omitted condition claim made under ORS 656.267 is "by definition" also a claim made pursuant to ORS 656.262(6)(d), which describes a claimant's general obligation to give notice to the insurer of conditions that have been incorrectly omitted from the notice of acceptance, or other deficiencies; the former is a subset of the latter. SAIF, for its part, maintains that omitted condition claims under ORS 656.262(6)(d) are a separate species of omitted condition claim from those brought under ORS 656.267 that implicate ORS 656.262(7)(a). In SAIF's view, the former type of claim triggers only an obligation by the insurer to revise or clarify the notice of closure, while the latter requires "acceptance or denial." And, in SAIF's view, only the former type of claim gives rise to an entitlement to attorney fees upon the insurer's failure to respond within 60 days. SAIF contends, further that, in this case, SAIF's letter satisfied any obligation that it had under ORS 656.262(6)(d) to make clarification of the notice of closure.

We understand the source of the confusion: ORS 656.386(1)(b)(B) defines denied claims by cross-referencing ORS 656.262(6)(d), *not* ORS 656.267 or ORS 656.262(7)(a). As SAIF understands the cross-reference, only those inquiries made by a claimant under ORS 656.262(6)(d) to which the insurer may respond by revising the notice of acceptance or other written clarification potentially give rise to a denied claim. The statute does not apply, in SAIF's view, when a response is required under ORS 656.262(7)(a) because the claimant has filed an omitted condition claim under ORS 656.267. That is the approach that the board has taken for many years. *See Diana M. Randolph*, 58 Van Natta 1031, *on recons*, 58 Van Natta 2242 (2006).

The first weakness in SAIF's analysis is that it overlooks the significance of a key component of a denied claim under ORS 656.386(1)(b)(B): The denial must involve a "claim for compensation for a condition omitted from a notice of acceptance." Such a claim is an omitted condition claim—the claimant seeks to have the condition accepted so that compensation will be paid. Necessarily, then, this case requires an examination of the statutes involved in the processing of omitted condition claims, ORS 656.262(6)(d), ORS 656.267, and ORS 656.262(7)(a).

The second weakness in SAIF's analysis is that it gives too restrictive a meaning to ORS 656.262(6)(d), and thereby fails to correctly appreciate the interplay of that statute with ORS 656.267(1) and ORS 656.262(7)(a). Under the plain text of ORS 656.262(6)(d), when the worker believes that a condition has been omitted from a notice of acceptance, the worker must communicate that objection to the insurer *pursuant to ORS 656.267*. ORS 656.267, in turn, relates to the filing of omitted condition claims, and requires that, "[t]o initiate omitted medical condition claims under ORS 656.262(6)(d)," the worker must "clearly request formal written acceptance." ORS 656.262(6)(d) states that the insurer has 60 days from the worker's communication "to revise the notice [of acceptance] or to make other written clarification in response." When, however, the alleged deficiency is an omitted condition and the worker has made an omitted condition claim, that response must include a "written notice of acceptance or denial" within 60 days after the insurer receives written notice of the claim. ORS 656.262(7)(a).

Thus, the nature of the claimant's request will dictate the required response. When the worker seeks a clarification of a notice of acceptance by, for example, inquiring whether it encompasses a particular condition or diagnosis or asking that the notice of acceptance be amended to expressly "accept or deny" a particular condition, but does not expressly request that a condition be accepted, that type of inquiry is not a "claim for compensation for a condition omitted from a notice of acceptance"; it is a mere request for clarification. The insurer's obligation to respond within 60 days may be satisfied either by revising the notice or by making other relevant clarification. ORS 656.262(6)(d). For example, if claimant had merely inquired whether the "intra-articular distal radius fracture left wrist" was encompassed within the acceptance, SAIF's letter response would have been an appropriate clarification. If, however, as here, the identified deficiency is an omitted condition that the claimant expressly seeks to have accepted, then the insurer must respond by processing the omitted condition claim pursuant to ORS 656.262(7)(a), by either accepting or denying it within 60 days. Thus, in that circumstance, a mere letter of clarification is not an adequate statutory response. The plain text of ORS 656.386(1)(b)(B)

and the texts of ORS 656.262(6)(d), ORS 656.267, and ORS 656.262(7)(a), together require the conclusion that the failure of the insurer to respond to an omitted condition claim by accepting or denying it within 60 days is a procedural deficiency that gives rise to a denied claim under ORS 656.386(1)(b)(B). We emphasize that this is so because ORS 656.386(1)(b)(B) expressly refers to "[a] claim for compensation for a condition omitted from a notice of acceptance," and an omitted condition claim can only be filed under ORS 656.267 and processed pursuant to ORS 656.262(7)(a).

As noted, in this case, claimant did not simply seek clarification of the notice of acceptance or inquire whether the acceptance included a particular condition. Claimant expressly requested that SAIF accept that condition within 60 days. In response, SAIF issued a letter advising claimant that he had not perfected a claim. The board held that SAIF's letter did not comply with ORS 656.262(7)(a), because it did not accept or deny the condition, and concluded further that SAIF had denied *de facto* a medical condition that was separate from the condition previously accepted. As we have noted, the board's determination that the condition is separate from the condition originally accepted is supported by substantial evidence. Thus, as the board held, SAIF's response was a denial of an omitted condition.

■ Nonetheless, the board held, and SAIF contends, no attorney fees are available under ORS 656.386(1), because claimant's claim was not for an omitted condition "made pursuant to ORS 656.262(6)(d)." As our analysis shows, the board was incorrect. We expressly reject SAIF's contention and the board's reasoning that the statutes contemplate two types of omitted condition claims, those made pursuant to ORS 656.262(6)(d), seeking only clarification or amendment of the notice of acceptance, and those made pursuant to ORS 656.262(7)(a), seeking acceptance of an omitted condition. There is only one type of omitted condition claim, and it can only be brought pursuant to ORS 656.262(6)(d) *and* ORS 656.267. Under our interpretation of the statutes, claimant's omitted condition claim was made pursuant to both ORS 656.262(6)(d) *and* ORS 656.267 and triggered SAIF's obligation to respond under ORS 656.262(7)(a). Thus, although SAIF's letter was a "response," it was not the type of response

that SAIF was required to make under ORS 656.262(7)(a) in light of the fact that claimant had filed an omitted condition claim. Therefore, claimant's claim was denied within the meaning of ORS 656.386(1)(b)(B), and claimant is entitled to an award of attorney fees.

Our opinion in *Troupe v. Labor Ready, Inc.*, 191 Or App 258, 260, 81 P3d 755 (2003), on which SAIF relies, is not to the contrary. In that case, the claimant requested clarification of the notice of acceptance by asking the insurer *to amend it to expressly accept or deny* an additional condition. *Id.* The insurer responded within 60 days with a letter declining to amend the notice of acceptance. The insurer did not contend that the condition was not compensable; the only dispute was whether the insurer was required to include an express acceptance of the additional condition in the notice of acceptance and, if so, whether its failure to do so was a "denial" for purposes of ORS 656.386(1). We upheld the board's determination that the claim had not been denied for purposes of ORS 656.386, explaining that, in that context, the insurer's response provided clarification, as required by ORS 656.262(6)(d), and that no further response was required. *Id.* at 262. In this case, in contrast, in light of claimant's express request in writing that SAIF accept the additional condition, a clarification of the notice of acceptance was not a sufficient response.

Reversed and remanded for award of attorney fees; otherwise affirmed.