Argued and submitted February 8, reversed December 14, 2011

In the Matter of the Compensation of
Sherrian M. Stephens, Claimant.

SAIF CORPORATION
and Homewatch Caregivers,
*Petitioners,*

*v.*

Sherrian M. STEPHENS,
*Respondent.*

Workers' Compensation Board
0802848, 0802250;
A143526

269 P3d 62

David L. Runner argued the cause and filed the briefs for petitioners.

Jodie Phillips Polich argued the cause and filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

ARMSTRONG, J.

**ARMSTRONG, J.**

The Workers' Compensation Board determined that SAIF denied *de facto* claimant's new or omitted medical condition claim for coccydynia. The board also determined that claimant's coccydynia is compensable as a new or omitted medical condition and that SAIF unreasonably delayed processing of the claim. The board assessed attorney fees as well as a penalty. SAIF seeks review of the board's order. We conclude that the board erred in ordering SAIF to accept coccydynia and in assessing a penalty and attorney fees, and we therefore reverse.

Claimant, who worked for employer as a caregiver, suffered an injury on June 13, 2007, when she fell at work and landed on her tailbone. On July 20, SAIF accepted a claim for a lumbar contusion and lumbar strain. On July 31, claimant began to receive treatment from Dr. Kelly, who noted that claimant had pain at the junction of the lower sacrum and coccyx, and along the length of the coccyx. Kelly identified "coccydynia," which she subsequently defined as "pain in the coccyx."

SAIF closed the claim in December 2007 with accepted conditions of lumbar strain and lumbar contusion and no award of permanent partial disability. Claimant sought reconsideration of the notice of closure, which the Appellate Review Unit ultimately upheld based on a report by a medical arbiter. That report opined that all of claimant's current symptoms were due to a preexisting degeneration in the lumbar spine.

Claimant continued to experience pain in the area of her tailbone. Kelly referred claimant to Dr. North, a neurologist, who examined her in January 2008. North ordered a CT scan, which was negative for a fracture but consistent with "a focal bone bruise of the coccyx or injury to the anococcygeal ligament." On January 31, 2008, claimant requested acceptance of a new or omitted medical condition, "coccydynia." In February 2008, SAIF sent Kelly an inquiry with a number of questions concerning "coccydynia." Among them, SAIF elicited responses to the following questions (the doctor's responses are described in italics):

"1. Please define coccydynia and explain the etiology of this condition. *Kelly underlined 'define' and wrote: Pain in the coxxyx; Kelly underlined 'etiology' and wrote: Trauma.*

"2. Is coccydynia a diagnosis, or a symptom of some other condition? If so, what is the condition? *Kelly underlined 'diagnosis.'*"

On March 28, 2008, SAIF issued a modified notice of acceptance indicating that it was accepting a coccyx bone bruise. The claim was reopened for processing of the newly accepted condition and then closed on March 31, 2008, without an award of additional disability.

Claimant requested a hearing, seeking attorney fees and a penalty for an alleged *de facto* denial of coccydynia. Before the administrative law judge (ALJ) and the board, claimant asserted that, in failing to either accept or deny her claim for coccydynia, SAIF had denied *de facto* the claim. SAIF subsequently corresponded with Kelly in aid of litigation and asked whether "coccyx bone bruise," the condition that SAIF had accepted, could be considered the underlying condition that was causing claimant's coccydynia or "pain in the coccyx." Kelly responded by checking a box indicating "yes."[1]

SAIF argued before the ALJ and the board that its March 28, 2008, amended notice of acceptance, which included acceptance of a coccyx bone bruise, was a legally sufficient response to claimant's new or omitted condition claim for coccydynia, because coccydynia was a symptom rather than a condition and the medical evidence showed that the underlying cause of the symptom was a coccyx bone bruise.

The board, in affirming the ALJ, concluded that SAIF's response to claimant's request for acceptance of coccydynia by including "coccyx bone bruise" in its amended notice of acceptance did not comply with ORS 656.262(7)(a)

---

[1] SAIF wrote to Kelly:

"[Claimant's] claim was recently accepted for a coccyx bone bruise. Her attorney has asked that we accept 'coccydynia' which your 2/22/08 letter to SAIF defines as 'pain in the coccyx.'

"1. [SAIF] has accepted a coccyx bone bruise secondary to the slip and fall incident of 6/13/07. Can the coccyx bone bruise be considered the underlying condition that is causing the coccydynia, or 'pain in the coccyx'?"

Kelly responded by checking a box marked "yes."

or ORS 656.267(1), which require acceptance or denial of a new or omitted medical condition claim within 60 days after the insurer receives notice of the claim. In an order on reconsideration, the board rejected SAIF's contention that SAIF's modification of its notice of acceptance to include "coccyx bone bruise" satisfied the requirements of the statutes because it reasonably apprised claimant of the nature of her compensable condition. The board explained that, in response to claimant's new or omitted medical condition claim, it was incumbent on SAIF to either accept or deny the claimed condition, "coccydynia." If, as SAIF asserted, it believed that coccydynia was a symptom rather than a condition, the board said that it would have been permissible for SAIF to deny the claim on the basis that it was a symptom, not a condition. Instead, the board concluded, SAIF impermissibly disregarded claimant's formal request for acceptance of coccydynia and accepted a different and unclaimed condition, "coccyx bone bruise." Accordingly, the board held that SAIF had failed to adequately respond to the claim for "coccydynia" and that the failure to respond was a *de facto* denial. The board assessed attorney fees under ORS 656.386(1)(b)(B) for claimant's counsel's services at the hearing, on review, and on reconsideration in obtaining acceptance of the claim for "coccydynia." It also assessed a penalty and penalty-related attorney fees under ORS 656.262(11), having concluded that SAIF's failure to either accept or deny the claim was unreasonable.

On judicial review, we address first SAIF's contention that its inclusion of "coccyx bone bruise" in its amended notice of acceptance complied with ORS 656.262(7)(a) and ORS 656.267(1) and that the board therefore erred in determining that it had denied *de facto* the claim. SAIF's primary rationale is that, because both statutes speak in terms of new or omitted medical "conditions," and because the medical evidence shows that the claimed condition, "coccydynia," is a symptom and not a condition, there was no obligation under ORS 656.262 or ORS 656.267 to either accept or deny the claim.

Setting aside for the moment the question whether the claim was, medically, a condition or a symptom, we conclude that the board reached the correct result in its analysis of SAIF's processing obligation. Even if SAIF had correctly

concluded that coccydynia was a symptom, it still had the obligation to either accept or deny the claim. As we recently explained in *Crawford v. SAIF*, 241 Or App 470, 250 P3d 965 (2011), if a claimant files a new or omitted medical condition claim pursuant to ORS 656.267 by clearly requesting formal written acceptance, the insurer's response must be by written notice of acceptance or denial within 60 days. In that circumstance, a mere letter of clarification or amendment of the notice of acceptance does not suffice. *Crawford*, 241 Or App at 480. The failure of an insurer to respond to an omitted condition claim by either accepting or denying it within 60 days is a procedural deficiency that gives rise to a denied claim. *Id.* at 481. Because claimant complied with the provisions of ORS 656.267 by expressly requesting acceptance of "coccydynia," SAIF had an obligation to process that claim by either accepting or denying coccydynia, and the board correctly concluded that its failure to do so was a *de facto* denial.

We now turn to SAIF's contention that, despite any processing deficiency, the medical evidence shows that claimant's coccydynia is not a separate condition but is, rather, a symptom and that the board therefore erred in setting aside SAIF's *de facto* denial and ordering SAIF to accept coccydynia.

SAIF focuses on Kelly's responses to its inquiries, in particular, her definition of coccydynia as "pain in the coccyx," which would appear to be descriptive of a symptom. SAIF also cites Kelly's affirmative response to its further inquiry as to whether "the coccyx bone bruise [accepted by SAIF]" can "be considered the underlying condition that is causing claimant's coccydynia, or 'pain in the coccyx.'"

The board was aware of that evidence but found, nonetheless, that claimant's coccydynia is a "condition" and not a symptom. The board was particularly persuaded by Kelly's response that coccydynia was a "diagnosis" and not a symptom of "another condition." Considering that response, as well as the totality of Kelly's responses, the board said that it was "not persuaded that the coccydynia diagnosis represents nothing more than symptoms of a bruise. Instead, we conclude that the diagnosis represents a physical status of claimant's body."

SAIF contends that the board's conclusion is not consistent with our opinion in *Young v. Hermiston Good Samaritan*, 223 Or App 99, 104, 194 P3d 857 (2008). In *Young*, we approved the board's definition of "condition" as "the physical status of the body as a whole or one of its parts." We concluded that the board had properly determined, based on the medical evidence, that the claimant's radiculopathy, which had been defined by the medical evidence as "pain that radiates along the course of a nerve root that exits from the spine," was a symptom and not a condition. SAIF asserts that, similarly here, claimant's coccydynia, which the medical evidence has defined as "pain in the coccyx," is not a physical status of the body but a mere symptom of a physical status.

In determining whether the board's finding that coccydynia is a condition is supported by substantial evidence, it is not this court's function to substitute its judgment for that of the board. The question is whether a reasonable person could find, based on the record as a whole, that the coccydyinia was a "condition." ORS 183.482(8); *Deatherage v. Pernsteiner*, 239 Or App 161, 172, 243 P3d 865 (2010). It is undisputed that the issue turns on the medical evidence and that an interpretation of Kelly's opinion is central to a resolution of the dispute. We have examined the record, and we conclude that, when it is considered in its entirety, and especially in light of Kelly's definition of the term coccydynia and her statement that a coccyx bone bruise can be considered as the underlying condition causing the coccydynia, the only reasonable interpretation of Kelly's opinion is that claimant's condition is a coccyx bone bruise and that coccydynia describes a symptom rather than a condition. We therefore conclude that substantial evidence does not support the board's finding that coccydynia is a condition and not a symptom. Accordingly, we conclude that the board erred in ordering SAIF to accept coccydynia as a new or omitted medical condition.

Having concluded that SAIF was not required to separately accept coccydynia, it follows that claimant was not entitled to insurer-paid attorney fees under ORS 656.386(1)(b)(B). The remaining question is whether, in light of SAIF's *de facto* denial, the penalty and attorney fees

assessed by the board under ORS 656.262(11)(a) should be upheld based on SAIF's unreasonable failure to accept or deny the claim. Under the circumstances, in particular the confused state of the law concerning an insurer's obligation to respond to a new or omitted medical condition claim, *see* *Crawford*, 241 Or App at 479, we conclude that SAIF's failure to respond by accepting or denying the new or omitted medical condition claim was not unreasonable.

Reversed.