ARMSTRONG, J.
*621 *376 The question in this workers' compensation case is whether claimant, whose new/omitted medical condition claim for bilateral deQuervain's tenosynovitis has been denied, is entitled to an assessed attorney fee for gaining employer Adecco's acknowledgment that the condition is compensable and is encompassed within Adecco's original acceptance of a claim for "wrist sprain." Adecco had initially denied responsibility for the condition, on the basis that it was a new condition within the responsibility of claimant's subsequent employer, but ultimately acknowledged responsibility for the condition and that it was compensable and encompassed within Adecco's previous acceptance of a claim for "bilateral wrist sprain." The Workers' Compensation Board nonetheless ruled that claimant is not entitled to an assessed attorney fee for the reason that the denial of the claim was proper, because the condition, encompassed within the original claim, is not "new" or "omitted." Claimant contends that the board erred in ruling that claimant is not entitled to attorney fees under ORS 656.308(2)(d) or ORS 656.386(1) for gaining employer's acknowledgment of responsibility for the condition. We review the board's order for substantial evidence and errors of law, ORS 656.298(7) ; ORS 183.482(8)(a), (c), and to determine whether the board's analysis comports with substantial reason. See Hamilton v. Pacific Skyline, Inc. , 266 Or. App. 676, 338 P.3d 791 (2014). We conclude that the board erred in declining to award attorney fees under ORS 656.308 and therefore remand for the board to make that award.
The relevant facts are undisputed. Claimant worked for Adecco at a call center and then in data processing. In September 2010, claimant notified Adecco that she was experiencing pain in both wrists. Adecco referred claimant to a Concentra Medical Center, where Dr. Task diagnosed bilateral wrist strain/sprain. Claimant filed a workers' compensation claim, which Adecco accepted on September 17, 2010, as a claim for nondisabling bilateral wrist sprain.
Shortly after the acceptance, claimant returned to Concentra for further treatment, where she saw Dr. Carver.
*622 Carver modified the original diagnosis to include bilateral wrist strain, bilateral wrist tenosynovitis, forearm strain, and bilateral lateral epicondylitis.
Adecco did not accept tenosynovitis, strain, or epicondylitis, but maintained its acceptance of "wrist sprain" and changed the status of the claim to "disabling." In December 2010, Adecco closed the claim for bilateral disabling wrist sprain without an award of permanent disability. Claimant did not challenge the closure of the claim and it became final.
Claimant continued to experience symptoms and to receive treatment for her wrists. In January 2011, claimant began a new job with Greenway Chiropractic. In May 2011, claimant began seeing Dr. Kane as her attending physician, who diagnosed bilateral wrist sprain and bilateral deQuervain's tenosynovitis,[1] and treated the conditions with osteopathic manipulation. In May 2011, claimant filed a Form 827 with Adecco, asking for acceptance of a new or omitted medical condition of bilateral deQuervain's tenosynovitis. See ORS 656.267 (describing procedures for initiating claim); ORS 656.262(7) (describing processing obligation).
ORS 656.308(2)(b) provides that "[a]n insurer or self-insured employer against whom a claim is filed may contend that responsibility lies with another insurer or self-insured employer." Adecco denied responsibility for deQuervain's tenosynovitis, stating that "[i]t appears this new condition is the result of recent employment" with Greenway Chiropractic. Claimant filed a claim with Greenway Chiropractic, seeking compensation for deQuervain's tenosynovitis as an occupational disease. SAIF, on behalf of Greenway, denied the claim. In the meantime, claimant's condition improved with treatment, and Kane performed a closing examination.
Claimant had requested a hearing on Adecco's and SAIF's denials. Before the scheduled hearing, Kane *623 concurred in a *377 statement by claimant's counsel that, "however inartful, the accepted general diagnosis of 'bilateral wrist sprain ' encompassed the more specific and preferable diagnosis of 'bilateral wrist tenosynovitis ' or 'deQuervain's tenosynovitis ' in the chart." Kane concurred in the statement that "the condition of bilateral deQuervain's tenosynovitis *** was functionally identical to, and encompassed by, the condition of 'bilateral wrist sprain ' that had been previously diagnosed and had been accepted as being caused in major part by [claimant's] work with [employer]."[2]
In light of that medical evidence, on the day before the hearing, employer amended its previous denial by adding the following:
"Recent medical evidence establishes that deQuervain's tenosynovitis is 'functionally identical to and encompassed by, the condition bilateral wrist sprain.' As it is neither a new or an omitted medical condition, the claim for such condition is denied. This partial denial does not affect your rights regarding previously accepted 'bilateral wrist sprain.' "
As explained by Adecco in its answering brief on judicial review, the significance of the amendment is that it "acknowledged Adecco's responsibility for the claimed condition as one it had already accepted." However, although Adecco acknowledged its responsibility for the deQuervain's tenosynovitis, it adhered to its denial of the claim, on the ground that the deQuervain's tenosynovitis was not, technically, either new or omitted. Claimant contended that, by acknowledging responsibility for the deQuervain's tenosynovitis as encompassed within the original claim, employer's updated denial was, in effect, a rescission of its original denial of responsibility, and that claimant was therefore *624 entitled to attorney fees under ORS 656.308(2)(d) or ORS 656.386(1).[3]
The board, in affirming and adopting the ALJ's order, found that claimant's bilateral deQuervain's tenosynovitis is compensable because it was related to her work. But, based on Kane's opinion, which was the only medical evidence in the record to address the issue, the board found that the deQuervain's tenosynovitis condition is "identical to and was encompassed by the previously accepted condition of bilateral wrist sprain." The board found, in other words, that claimant's deQuervain's tenosynovitis was the same condition that had been accepted as a "wrist sprain." As a procedural matter, and citing the board's own orders and our opinion in Crawford v. SAIF , 241 Or. App. 470, 250 P.3d 965 (2011) (describing processing requirements for new/omitted medical conditions), the board agreed with Adecco that the compensability of the new/omitted medical condition claim was properly denied. Drawing a distinction between a condition and a claim, the board explained that, although a condition may be compensable, a new/omitted *378 medical condition claim may be denied if the condition is not new or omitted-that is, if it is encompassed in the original claim acceptance:
"Claimant's deQuervain's tenosynovitis was not a claim for a new medical condition. It was a claim for a condition that *625 already existed after the injury and at the time of acceptance. However, the deQuervain's tenosynovitis was not an omitted condition because it was encompassed by the previous acceptance of claimant's bilateral wrist sprains. Accordingly, even though claimant's deQuervain's tenosynovitis is compensable as a component of her accepted bilateral wrist sprain, [employer] was not obligated to accept the deQuervain's tenosynovitis."
Having determined that the deQuervain's tenosynovitis was encompassed within the original acceptance and therefore was not compensable as a new/omitted condition, the board determined that Adecco had properly denied the claim. Having upheld the denial of the claim on the basis that the condition was encompassed within the original acceptance, the board determined that the question of Adecco's responsibility for the claim was moot. The board then rejected claimant's request for attorney fees under either ORS 656.308(2)(d) or ORS 656.386(1), both of which condition an award of fees on having prevailed over a denial. Because Adecco's denial of the new/omitted medical condition claim had been upheld, the board reasoned, there could be no award of attorney fees.
Claimant asserts on judicial review that the board erred. Claimant continues to assert that Adecco's acknowledgment, the day before the hearing, that it was responsible for the deQuervain's tenosynovitis was, in effect, a rescission of Adecco's denial of responsibility. Although she does not assign error to the board's upholding of the denial of the new/omitted condition claim, she argues that she nonetheless has "prevailed" over Adecco's responsibility denial within the meaning of ORS 656.308(2)(d).[4]
As noted, Adecco responds that, as "ultimately framed" its denial was an acknowledgment of compensability and responsibility but a refusal to update its notice of acceptance, because the condition had already been accepted and therefore had not been "omitted." That type of denial, Adecco contends, is permitted by our opinion in *626 Crawford , as subsequently adhered to in our opinion in SAIF v. Stephens , 247 Or. App. 107, 113, 269 P.3d 62 (2011) (holding that "coccydynia" was not a new or omitted condition but a symptom encompassed within an original acceptance and that the board therefore erred in ordering its acceptance of the new/omitted condition claim and awarding attorney fees under ORS 656.386(1) ). Further, Adecco contends, the board upheld the denial, and claimant does not assign error to that ruling; accordingly, Adecco asserts, claimant did not prevail over Adecco's denial of the new/omitted medical condition claim. SAIF likewise responds that there can be no award of attorney fees when the claimant has not prevailed over a denied claim.
We agree with Adecco and SAIF that, in light of the medical record before it-specifically, Kane's opinion that claimant's "wrist sprain" and deQuervain's tenosynovitis were one in the same-the board did not err in determining that claimant's deQuervain's tenosynovitis was not a new/omitted medical condition.[5] In light of the medical evidence, *379 the board reasonably could find that the condition simply was not new or omitted. See Johansen v. SAIF , 158 Or. App. 672, 976 P.2d 84, rev. den. , 329 Or. 528, 994 P.2d 129 (1999) (a new medical condition involves a condition other than the condition initially accepted).
But we disagree with the board's determination that there is no entitlement to attorney fees. If Adecco's original denial of the claim had been based on its determination that the condition was encompassed within the accepted claim for "wrist sprain," then claimant would have been assured that the condition was Adecco's responsibility and would not *627 have needed to pursue litigation. In those circumstances, had claimant nonetheless pursued litigation, our opinions in Crawford and Stephens would support the board's view that there was no entitlement to attorney fees. But this case does not present that scenario. Adecco's original denial of responsibility did not assert that the condition was encompassed within the acceptance of "wrist sprain"; it asserted that the deQuervain's tenosynovitis was a new condition that was the responsibility of claimant's subsequent employer. Adecco wrote:
"We have received your claim for the new condition of bilateral deQuervain's tenosynovitis. It appears this new condition is the result of recent employment and not your injury of 9/14/2010. We, therefore, deny responsibility for this condition."
Pursuant to that denial, Adecco had no obligation to pay compensation for the condition. See ORS 656.308 ; Brown v. SAIF , 361 Or. 241, 280-81, 391 P.3d 773 (2017) (a claimant's right to benefits derives from accepted conditions or injuries). By its own admission, Adecco's denial, as "ultimately framed," acknowledged its responsibility for claimant's condition. Adecco is correct that it was entitled to amend its denial up to the time of the hearing, but it is undisputed that Adecco's acknowledgment of responsibility came as a result of claimant's attorney's efforts in obtaining a medical report showing that the deQuervain's tenosynovitis was the same condition originally accepted as a "wrist sprain." The board's determination that the condition is compensable and encompassed within employer's original acceptance means that claimant is now entitled to benefits from Adecco for the deQuervain's tenosynovitis-including aggravation rights and medical services such as palliative care-that would not have been available previously.[6] See ORS 656.245. Although claimant did not succeed in obtaining Adecco's acceptance of a new/omitted condition claim, the practical effect of Adecco's eleventh-hour acknowledgment of its responsibility for the deQuervain's tenosynovitis was to rescind its previous *628 responsibility denial stating that the deQuervain's tenosynovitis was a new condition that was the responsibility of claimant's subsequent employer. Thus, claimant "finally prevail[ed.] against a responsibility denial," ORS 656.308(2)(d), and claimant's counsel is entitled to attorney fees for his efforts in causing employer to acknowledge its responsibility for the condition.
Remanded for an award of attorney fees under ORS 656.308(2)(d) ; otherwise affirmed.

deQuervain's tenosynovitis is an "inflammation of the tendons of the first dorsal compartment of the wrist." Stedman's Medical Dictionary 1795 (27th ed. 2000).

Kane also concurred in claimant's counsel's statement that "one of the biggest non-medical problems with [claimant's] case was a careless and overbroad acceptance of a 'bilateral wrist sprain ' as opposed to a more specific diagnosis 'bilateral wrist tenosynovitis.' " Kane concurred in claimant's counsel's statement that a wrist sprain is ordinarily caused by a traumatic injury and, in this case, there was no such injury; rather, claimant's deQuervain's tenosynovitis arose from a repetitive occupational use of the hands.

ORS 656.308(2)(d) provides:
"Notwithstanding ORS 656.382(2), 656.386 and 656.388, a reasonable attorney fee shall be awarded to the attorney for the injured worker for the attorney's appearance and active and meaningful participation in finally prevailing against a responsibility denial. The fee shall not exceed $2,500 absent a showing of extraordinary circumstances. The maximum attorney fee awarded under this paragraph shall be adjusted annually on July 1 by the same percentage increase as made to the average weekly wage defined in ORS 656.211, if any."
Claimant also sought attorney fees under ORS 656.386, which provides, in part:
"(1)(a) In all cases involving denied claims where a claimant finally prevails against the denial in an appeal to the Court of Appeals or petition for review to the Supreme Court, the court shall allow a reasonable attorney fee to the claimant's attorney. In such cases involving denied claims where the claimant prevails finally in a hearing before an Administrative Law Judge or in a review by the Workers' Compensation Board, then the Administrative Law Judge or board shall allow a reasonable attorney fee. In such cases involving denied claims where an attorney is instrumental in obtaining a rescission of the denial prior to a decision by the Administrative Law Judge, a reasonable attorney fee shall be allowed."

The board also determined that claimant's employment at Greenway did not cause the condition or contribute to claimant's need for treatment, and claimant does not challenge that determination.

We note that Kane took pains to explain that the two diagnoses are generally different-a sprain (defined in Stedman's at 1681, as "[a]n injury to a ligament as a result of abnormal or excessive force applied to a joint") is trauma-caused, and deQuervain's tenosynovitis (defined in Stedman's at 1795, as an "inflammation of the tendons of the first dorsal compartment of the wrist") is caused by repetitive use. There was no evidence of trauma in this case, but there was evidence of repetitive use. Kane's opinion could be understood to mean not that the two conditions are identical but that, despite employer's acceptance of a "wrist sprain," the condition from which claimant suffered at the time of the original claim was deQuervain's tenosynovitis and not a wrist sprain. But, under our standard of review, which requires us to affirm the board's order if it is supported by substantial evidence and substantial reason, we conclude that the concurrence letter is also susceptible to the interpretation that the board gave it.

Because the claim for "wrist sprain" had closed and the notice of closure was not challenged and had become final, the practical effect of that determination is that claimant was not currently entitled to any additional benefits for the condition.