306 June 3, 2026 No. 496

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of Collin D. Stringer,
Claimant.

Collin D. STRINGER,
*Petitioner,*

*v.*

SAIF CORPORATION
and Lester Lee Stringer-Vico Builders,
*Respondents.*

Workers' Compensation Board
2200148;
A185365

Submitted May 12, 2026.

Julene M. Quinn filed the briefs for petitioner.

Beth Cupani filed the brief for respondents.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Claimant petitions for review of a final order of the Workers' Compensation Board. In that order, the board upheld insurer's denial of claimant's "new medical or omitted medical condition" claim. ORS 656.267. The board found that claimant's condition was not a "new or omitted" condition because the condition from which he suffers was encompassed within the scope of an earlier claim. We conclude that the board's findings are supported by substantial evidence and affirm.

The historical facts are not in dispute and are taken from the board's findings. Claimant suffered a work accident in August 1981. Insurer concluded that claimant had suffered a compensable injury and accepted his claim. As required by ORS 656.262(6)(b)(A), insurer's notice of acceptance specified the conditions that insurer found to be compensable: "traumatic arthritis of the right ankle, traumatic arthritis of the right foot, right tibiotalar arthritis, right subtalar arthritis, right calcaneocuboid joint arthritis, right talonavicular joint arthritis, and right calcaneus fracture."

In 2020, claimant underwent surgery that involved "right total ankle arthroplasty, right calcaneal osteotomy, and right calcaneal hardware removal surgery." Following that surgery, claimant asked SAIF to process a "new condition" claim for "status post right total arthroplasty" and "status post right calcaneal osteotomy." SAIF denied that claim because the request was not for a "condition," but for a "symptom, body part, mechanism/description of injury or medical procedure."

Claimant sought review. During proceedings before the ALJ, Dr. Strasser, who had treated claimant before leaving his practice and turning claimant's care over to Dr. Jackson, opined that claimant's status post right total arthroplasty and status post right calcaneal osteotomy were, contrary to SAIF's conclusion, "conditions." He also opined that those conditions were encompassed within the previously accepted conditions because the procedures were standard care for claimant's fractures and arthritis. Jackson similarly concluded that the previously accepted

claim encompassed the status post right total arthroplasty and status post right calcaneal osteotomy because "the terms represented direct sequelae of what had already been accepted." Jackson agreed that "status post right total ankle arthroplasty" and "status post right calcaneal osteotomy" are redundant and state what treatment claimant received for the accepted conditions.

SAIF then amended its denial to include the following basis for a denial: "[t]o the extent that the request for status post right ankle total ankle arthroplasty and status post right calcaneal osteotomy is deemed to be a request for acceptance of medical conditions, the request must be denied as encompassed by the current scope of acceptance." The ALJ allowed SAIF's amended denial and reopened the record to provide an opportunity to address the amended denial.

The ALJ ultimately concluded that Jackson's and Strasser's medical opinions established that the status post right ankle total ankle arthroplasty and status post right calcaneal osteotomy were medical conditions, but that the conditions were "redundant" and encompassed by SAIF's prior acceptances of arthritis and fractures. It thus concluded that the claimed conditions were not "new or omitted" conditions and upheld SAIF's amended denial.

The board affirmed. The board noted that a new or omitted medical condition claim may be denied if the condition has already been accepted. The board was persuaded by Jackson's and Strasser's opinions that the requested conditions were encompassed by the previous acceptance and, as such, those conditions were not "new or omitted."

Whether "a condition is encompassed within the scope of the new or omitted condition claim is a question of fact" that we review for substantial evidence. *DeBoard v. Fred Meyer*, 285 Or App 732, 737, 397 P3d 97, *rev den*, 361 Or 885 (2017). Before determining whether substantial evidence supports the board's decision, we first decline to address claimant's threshold argument that the board erred in applying the wrong standard. In his view, rather than considering whether a new medical condition is "encompassed

by" the previously accepted condition, the board is required to consider whether the new medical condition is the "same condition as" the previous one. Claimant did not raise that legal argument below[1] and we therefore do not consider it.

We thus turn to whether substantial evidence supports the board's conclusion that the status post right total ankle arthroplasty and status post right calcaneal osteotomy were encompassed by SAIF's prior acceptances of arthritis and fractures. Whether a new condition is "encompassed by" the accepted condition depends on the medical evidence. *DeBoard*, 285 Or App at 737. The undisputed medical evidence in this case is that the status post right total ankle arthroplasty and status post right calcaneal osteotomy that claimant suffers from were encompassed by SAIF's prior acceptances of arthritis and fractures condition.

Claimant contends that the new conditions could not have been encompassed within the accepted conditions because "they did not exist" at the time of the acceptance; rather, they occurred because of the surgery in May 2020. The medical evidence, which the board credited, does not support that argument.

Affirmed.

---

[1] Below, claimant urged the board to conclude that the new medical conditions were not, as a matter of fact, encompassed by the previous acceptance; he did not argue that that was not the applicable legal standard. We note that our cases have consistently upheld board orders denying compensability when the existing acceptance already includes the condition that claimant believes to be new because the new condition is "encompassed by" the accepted condition. *E.g.*, *Hartvigsen v. SAIF*, 291 Or App 619, 621, 421 P3d 375 (2018). The Oregon Supreme Court recently recognized the existence of that line of cases and noted that it has never decided the question of whether "the circumstances—if any—under which an employer permissibly may *deny* a 'new or omitted condition' claim on the basis that the alleged 'condition' is included within the scope of the accepted conditions." *Simi v. LTI Inc. - Lynden Inc.*, 368 Or 330, 343, 491 P3d 33 (2021) (emphasis in original).